# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ISAAC SAWYER**
d/b/a A-1 Security Locksmiths,
        Plaintiff,

   v.                                                  Case No. 10-C-0331

**ATLAS HEATING & SHEET METAL WORKS, INC.**,
        Defendant.

---

## DECISION AND ORDER

Plaintiff Isaac Sawyer, doing business as A-1 Security Locksmiths, brought this putative class action in state court, alleging that defendant Atlas Heating & Sheet Metal Works, Inc. ("Atlas") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by faxing it an unsolicited advertisement. On April 14, 2010, Atlas removed the case based on the presence of a federal question. On April 21, 2010, plaintiff filed an action in state court against Atlas and West Bend Mutual Insurance Company ("West Bend"), seeking a declaration that an insurance policy that West Bend issued to Atlas affords coverage for any liability Atlas might incur as a result of plaintiff's TCPA claim. On April 30, 2010, West Bend moved to intervene in the present case, seeking a declaration that its policy does not provide coverage for such liability and asking me to bifurcate the issues of coverage and liability and, except for defendant's motion to dismiss based on the statute of limitations, to stay proceedings involving liability until I have resolved the coverage issue. Plaintiff opposes West Band's motion, arguing that West Bend does not have a right to intervene and that, even if it does, I should abstain from resolving the

coverage issue and allow the state court to decide it.  Plaintiff does not oppose my staying the case pending resolution of the coverage issue but contends that I should also stay Atlas's motion to dismiss.

I first address whether I have subject matter jurisdiction over West Bend's claim. West Bend's request to intervene and for a declaratory judgment presents no independent basis for jurisdiction, such as federal-question or diversity jurisdiction.  Rather, West Bend relies on supplemental jurisdiction, 28 U.S.C. § 1367, arguing that its claim forms part of the same case or controversy as plaintiff's claim against Atlas.  (Prop. Intervenor Compl. ¶ 3.)  Assuming that I could exercise supplemental jurisdiction over West Bend's claim pursuant to Section 1367(a), however, I would decline to do so because such claim "raises a novel or complex issue of State law," 28 U.S.C. § (c)(1).  Specifically, West Bend asks me to resolve whether its general commercial liability policy provides coverage for claims under the TCPA.  As far as I can tell, no Wisconsin court has addressed this issue, and thus West Bend's claim involves a novel question of state law.  I therefore conclude that this claim should be addressed in the pending state-court litigation rather than here.

Because the parties agree that the merits of this case may be stayed pending resolution of the coverage issue in state court, I will enter such a stay.  However, so that the motion to dismiss based on the statute of limitations – which has been fully briefed and is ready for decision – does not languish on the docket, I will exempt that motion from the stay and decide it in a separate order.

Therefore,

**IT IS ORDERED** that West Bend Mutual Insurance Company's motion to intervene is **DENIED**, and that further proceedings not related to Atlas's pending motion to dismiss are **STAYED** pending resolution of the coverage issue in state court.

Dated at Milwaukee, Wisconsin, this 11 day of August, 2010.

/s_____
LYNN ADELMAN
District Judge