# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ISAAC SAWYER**
**d/b/a A-1 Security Locksmiths,**
        **Plaintiff,**

    **v.**                                          **Case No. 10-C-0331**

**ATLAS HEATING & SHEET METAL WORKS, INC.,**
        **Defendant.**

---

## DECISION AND ORDER

Plaintiff Isaac Sawyer ("Sawyer"), doing business as A-1 Security Locksmiths, brought this putative class action against defendant Atlas Heating & Sheet Metal Works, Inc. ("Atlas") in state court, alleging that Atlas violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by faxing it an unsolicited advertisement. Atlas removed the case to this court. Before me now is Atlas's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff's suit is untimely.[1]

---

[1]Technically, the basis of Atlas's motion is not that plaintiff fails to state a claim but that Atlas has an affirmative defense (statute of limitations) that can be resolved at the pleading stage. See Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004) (explaining that existence of meritorious affirmative defense does not equate to failure to state a claim upon which relief may be granted). The proper procedural vehicle for raising an affirmative defense is a motion for judgment on the pleadings or a motion for summary judgment. Plaintiff, however, does not object to my considering the merits of Atlas's affirmative defense pursuant to a 12(b)(6) motion. Moreover, courts may take the short-cut of resolving an affirmative defense pursuant to a 12(b)(6) motion where the plaintiff pleads itself into the defense and either the facts relating to the defense are not disputed or the plaintiff does not contend that further discovery or a trial is needed to resolve the matter. See McCready v. eBay, Inc., 453 F.3d 882, 892 n.2 (7th Cir. 2006); Mosely v. Bd. of Educ. of Chicago, 434 F.3d 527, 533 (7th Cir. 2006) Xechem, 372 F.3d at 901. Thus, I will address Atlas's motion under Rule 12(b)(6).

1

The relevant allegations are as follows: On December 9, 2005, Atlas faxed unsolicited advertisements to plaintiff and others. On March 18, 2009, one of the recipients of the advertisement, Park Bank, commenced a putative class action against Atlas in state court, alleging a violation of the TCPA. Park Bank brought the action of behalf of

> [a]ll persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant does not have an established business relationship.

(Barr Aff., Ex. 1, ¶ 16.) On March 16, 2010, pursuant to Park Bank's request, the court dismissed the action. On March 19, 2010, plaintiff filed the present suit, which is based on the same December 9, 2005 advertisement as Park Bank's suit. Plaintiff brought the suit on behalf of

> [a]ll persons who (1) on or after May 18, 2005, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for sending of such faxes, and (4) with whom Defendant does not have an established business relationship.

(Compl. ¶ 16.)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. I accept all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff. In considering a Rule 12(b)(6) motion, I may take judicial notice of matters of public record without converting the motion into one for summary judgment. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994). In the present case, I take judicial notice of Park Bank's complaint against Atlas, which was filed in Milwaukee County Circuit Court Case No. 2009-CV-7339, and the fact that it was voluntarily dismissed on

March 16, 2010.

The parties agree that 28 U.S.C. § 1658 governs and that it provides a limitations period of four years.  Plaintiff's claim accrued on December 9, 2005, and plaintiff commenced the present action on March 19, 2010, more than four years later.  However, plaintiff argues that under the doctrine established in American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974), and Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 351-54 (1983), the effect of Park Bank's suit against Atlas was to toll (suspend) the statute of limitations during the time that Park Bank's suit proceeded as a class action, namely from March 18, 2009 until March 16, 2010 and, as a result, to make the present action timely.  American Pipe and Crown, Cork & Seal stand for the proposition that the bringing of a putative class action tolls the statute of limitations as to all members of the putative class.  The rule enables class members to rely on the class action to protect their rights and make it unnecessary for them to clutter the courts with duplicative protective suits.

Atlas makes a number of arguments as to why the American Pipe and Crown, Cork & Seal doctrine should not apply in the present case.  First, plaintiff argues that I should decline to apply the tolling rule because Park Bank voluntarily dismissed its suit.  However, doing so would totally undermine the American Pipe doctrine because unnamed class members have no control over whether the named plaintiff decides to abandon the suit. If Atlas's argument were accepted, then unnamed class members would be encouraged to file their own lawsuits to ensure that their claims are not deemed untimely in the event that the named plaintiff elects to voluntarily dismiss the class's claims. Yet, the whole point of American Pipe is to allow unnamed class members to rely on the pending class action

in lieu of filing their own protective lawsuits. Thus, the tolling rule applies even though Park Bank voluntarily dismissed the prior class action.

In a related argument, Atlas argues that American Pipe and Crown, Cork & Seal apply only if the prior class action terminated in the denial of a motion for class certification. Atlas cites language in Crown, Cork & Seal stating that the commencement of a putative class action tolls the statute of limitations and that the statute of limitations remains tolled until class certification is denied. 462 U.S. at 353-54. Atlas reads this language to mean that the statute of limitations will not be tolled at all unless the prior class action reaches the class-certification stage. However, such language means only what it says – namely, that the filing of a putative class action tolls the statute of limitations, and that once class certification is denied the statute of limitations resumes running. In the present case, Park Bank's putative class action tolled the statute of limitations, and the fact that the case never reached the class-certification stage did not erase the fact that the statute of limitations was tolled while the class's claims were pending. Again, adopting Atlas's argument would defeat the rationale of American Pipe, since it would encourage class members to file protective suits in case the class action is dismissed before the class-certification stage.

Atlas next argues that the federal tolling rule is inapplicable because the Park Bank case was brought as a class action under state class-action rules rather than Federal Rule of Civil Procedure 23. Although it is true that American Pipe and Crown, Cork & Seal involved class actions under Rule 23, Atlas offers no reason why the rationale of these cases would not apply to class actions filed in state court asserting federal claims. The relevant statute of limitations is provided by federal law, and thus federal tolling rules apply.

See Hemenway v. Peabody Coal Co., 159 F.3d 255, 265 (7th Cir. 1998). American Pipe holds that, as a matter of federal law, the statute of limitations should be tolled while a putative class action is pending so that courts are not burdened with duplicative protective lawsuits. Why should it matter whether the class action was filed in state rather than federal court? The fact that the class action is pending in state court would not make duplicative protective lawsuits any less burdensome. Thus, the tolling rule applies even though the Park Bank class action was filed in state court.

Finally, Atlas argues that even if the tolling rule applied, it would only allow plaintiff to file an individual action, not a new putative class action. Atlas relies on cases from other circuits holding that American Pipe does not toll the limitations period for bringing new class actions, as it does for individual suits. See, e.g., Griffin v. Singletary, 17 F.3d 356, 359 (11th Cir. 1994); Korwek v. Hunt, 827 F.2d 874 (2d Cir. 1987). However, the Ninth Circuit has held that when the new class action is not simply an attempt to re-litigate the correctness of an earlier decision to deny class certification or an attempt to correct a procedural deficiency in an earlier would-be class, the new class action may benefit from the American Pipe tolling rule. See Catholic Social Servs., Inc. v. INS, 232 F.3d 1139, 1147-49 (9th Cir. 2000). Further, the Third Circuit has applied American Pipe to subsequent class actions even when the subsequent action seeks to cure a procedural deficiency in the earlier class. See Yang v. Odom, 392 F.3d 97, 111 (3d Cir 2004). In Yang, the procedural deficiency was that the named plaintiff was not an adequate class representative, and the subsequent class action attempted to cure this deficiency by choosing a different class representative. The court held that the new class action could take advantage of the American Pipe tolling rule, reasoning as follows:

5

> Drawing the line arbitrarily to allow tolling to apply to individual claims but not to class claims would deny many class plaintiffs with small, potentially meritorious claims the opportunity for redress simply because they were unlucky enough to rely upon an inappropriate lead plaintiff. For many, this would be the end result, while others would file duplicative protective actions in order to preserve their rights lest the class representative be found deficient under Rule 23. Either of these outcomes would run counter to the policy behind Rule 23 and, indeed, to the reasoning employed by the Supreme Court in American Pipe and Crown, Cork & Seal.

392 F.3d 97, 111 (3d Cir. 2004).

The Seventh Circuit has yet to address whether American Pipe tolls the statute of limitations for any kind of subsequent class action. However, I conclude that, under the circumstances of this case, plaintiff may maintain this suit as a class action and benefit from the American Pipe tolling rule. The present class action is not an attempt to re-litigate the Park Bank class action. Rather, Park Bank voluntarily dismissed its case after deciding that it no longer wanted to represent the class. After Park Bank decided to abandon the suit, Sawyer asked the state court to substitute him as the named plaintiff so that the suit could continue, but the state court refused Sawyer's request. Sawyer then immediately filed the present action in order to continue the suit on behalf of the class. Sawyer did not delay and is not trying to abuse the American Pipe rule. He, along with the rest of the putative class, relied on Park Bank to pursue the class's TCPA claims and thus did not file a duplicative protective suit within the statute of limitations. Under these circumstances, there is no reason to relegate Sawyer and the rest of the putative class to multiple individual actions and deprive them of the efficiencies of the class mechanism.

Therefore, for the reasons stated,

**IT IS ORDERED** that Atlas's motion to dismiss based on the statute of limitations

is **DENIED.**

Dated at Milwaukee, Wisconsin, this 11 day of August, 2010.


/s_____
LYNN ADELMAN
District Judge