IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ISAAC SAWYER d/b/a A-1 SECURITY LOCKSMITHS, individually and as the representative of a class of similarly-situated persons,<br><br>                  Plaintiff,<br><br>    v.<br><br>ATLAS HEATING AND SHEET METAL WORKS, INC.,<br><br>                  Defendant. | Case No. 2:10 CV 00331-LA<br><br>Judge Adelman |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

This matter coming before the Court on Plaintiff's "Motion for Preliminary Approval of Class Action Settlement Agreement and Permission to Send Notice to the Class" (the "Motion"), after review and consideration of the Settlement Agreement, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1. Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2. Pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the Court hereby certifies the following "Settlement Class":

> All persons who (1) on or after May 18, 2005, (2) were sent telephone facsimile messages or material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

The "Class Period" is May 18, 2005 to May 18, 2009. Excluded from the Settlement Class are Atlas, West Bend, any parent, subsidiary, affiliate or controlled person of Atlas or West Bend, as well as the officers, directors, agents, servants or employees of Atlas or West Bend and the immediate family members of such persons. The parties expressly agreed to this Settlement Class definition for settlement purposes.

3. The Court finds that certification, for purposes of settlement, is appropriate in that (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4. The Court appoints Isaac Sawyer as the representative of the Settlement Class pursuant to Rule 23 (a), and appoints Sawyer's attorneys (Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Charles H. Barr of Charles H. Barr Ltd. as Class Counsel pursuant to Rule 23 (g).

5. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Notice of Class Action Settlement with Attached Claim Form (attached to the Settlement Agreement as Exhibit 2) satisfies Rule 23 (e) (1) of the Federal Rules of Civil Procedure and is approved. The Court orders that the parties provide that notice to the Settlement Class as proposed.

6. By this Order, the Court hereby orders that the Class Notice shall be sent via facsimile to the last known telephone fax number of each class member, as reflected in the database maintained by Plaintiff's expert, Robert Biggerstaff, and if unsuccessful after three attempts then it shall be sent by mail to the mailing address associated with the fax number in the broadcaster's records, after updating with the U.S.P.S. National Change of Address Database. The Court finds and orders that no other notice is necessary.

7. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

    (a) Any objections or motion to intervene shall be filed in this Court and postmarked and served on Class Counsel and Atlas's counsel on or before June 19, 2013, or be forever barred;

    (b) Memoranda regarding objections or motions to intervene must

3

Case 2:10-cv-00331-LA   Filed 03/14/13   Page 3 of 4   Document 54

be filed in this Court, and postmarked and served on Class Counsel and Atlas's counsel on or before June 19, 2013, or be forever barred;

  (c) Requests by any Settlement Class member to opt out of the settlement must be submitted on or before June 19, 2013, or be forever barred. The Court shall rule on all requests for exclusion or opt outs as part of the Fairness Hearing; and

  (d) The Fairness Hearing is hereby scheduled for **July 19, 2013, at 10:30 a.m.** in Room 390.

BY ORDER OF THE COURT

s/ Lynn Adelman

_____

Honorable Judge Lynn Adelman

Dated: March 14, 2013