IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ISAAC SAWYER d/b/a A-1 SECURITY LOCKSMITHS, individually and as the representative of a class of similarly-situated persons,<br><br>          Plaintiff,<br><br>   v.<br><br>ATLAS HEATING AND SHEET METAL WORKS, INC.,<br><br>          Defendant. | Case No. 2:10 CV 00331-LA<br><br>Judge Adelman |

## FINAL APPROVAL ORDER

The matter coming before the Court on the parties' request for final approval of the class action settlement, including approval of attorneys' fees and expenses, due notice having been given, the parties appearing through counsel, and the Court fully advised in the premises, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over plaintiff, Isaac Sawyer d/b/a A-1 Security Locksmiths ("Sawyer"), the members of the Settlement Class defined below, Atlas Heating and Sheet Metal Works, Inc. ("Atlas"), West Bend Mutual Insurance Company ("West Bend"), and the claims asserted in this lawsuit.

2. Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case.

1

3. The "Settlement Class" is defined as follows:

All persons who (1) on or after May 18, 2005, (2) were sent telephone facsimile messages or material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

The "Class Period" is May 18, 2005 to May 18, 2009. Excluded from the Settlement Class are Atlas, West Bend, any parent, subsidiary, affiliate or controlled person of Atlas or West Bend, as well as the officers, directors, agents, servants or employees of Atlas or West Bend and the immediate family members of such persons. The parties expressly agreed to this Settlement Class definition for settlement purposes.

4. Upon the Affidavit of Ross Good (Doc. 56), the Court finds that the Class Notice was provided to the members of the Settlement Class, and finds that such notice was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1).

5. Upon the Certificate of Compliance filed by Defendant on March 15, 2013 (Doc. 55), the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

6. No objections were received by Class members.

7. No Class member requested exclusion from the Settlement Class.

8. After due consideration of the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; the range of the Class's possible recovery; the complexity, expense and duration of the litigation; the substance and

amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved; all written submissions, affidavits, and arguments of counsel; and after notice and hearing, the Court finds that the settlement is fair, adequate and reasonable. The Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (except those person identified above who opted out of the Settlement Class) shall be bound by the Settlement Agreement, including the Release set forth therein.

9. West Bend has created a settlement fund (the "Settlement Fund") of $900,000 to pay all claims by members of the Settlement Class, to pay attorneys' fees and expenses to Class Counsel, and to pay the Class Representative an incentive award, as approved by this Court. Unclaimed monies in the Settlement Fund shall revert and belong to West Bend. Atlas shall not be responsible for making any payments, except through its insurance with West Bend.

10. As agreed in the Settlement Agreement, after the payments to the Class Representative and to Class Counsel approved below, each member of the Settlement Class who submitted a timely and valid Claim Form shall receive $400.00 from the Settlement Fund. Checks issued to the claiming Settlement Class members will be void 181 days after issuance and any amount from voided checks shall be refunded to West Bend.

11. Pursuant to the parties' agreement, the Court approves Class Counsel's attorney's fees in the total amount of $315,000.00 and out-of-pocket expenses in an amount not to exceed $30,000.00. In accordance with the Settlement Agreement, these amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

12. Pursuant to the parties' agreement, the Court approves a $9,500.00 incentive award to plaintiff, Isaac Sawyer, for services rendered as the Class Representative. In accordance with the Settlement Agreement, this amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

13. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

14. Atlas is enjoined from future violations of the TCPA and shall not send any advertisement by facsimile without obtaining prior express invitation or permission from the recipient.

15. This action, including all claims against Atlas asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Sawyer and all Settlement Class members against Atlas, is hereby dismissed with prejudice and without taxable costs to any Party.

16. All claims or causes of action of any kind by any Settlement Class

member brought in this Court or any other forum (other than persons who have opted out of this action previously or this Settlement) are barred pursuant to the releases set forth in the Settlement Agreement. Class members are enjoined from instituting, either directly or indirectly, any action against Atlas in this Court or in any other court or forum, asserting any claims that are being settled or released herein, including any claim about advertising faxes from Atlas that was or could have been brought in this action pursuant to the release set forth in the Settlement Agreement.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.

18. For 90 days, the Court retains jurisdiction over this action, Sawyer and the other members of the Settlement Class, Atlas, and West Bend to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

19. The Court finds that there is no just reason to delay the enforcement of

or appeal from this Final Approval Order and Judgment.

                                        BY ORDER OF THE COURT

                                        s/ Lynn Adelman

Dated:  July 19, 2013                      _____

                                        Lynn Adelman
                                        District Court Judge